# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 2:12CR00001-002 |
| v. | ) | **OPINION AND ORDER** |
| KAYLA RACHELLE HONEYCUTT, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Kayla Rachelle Honeycutt, Pro Se.*

The defendant has filed a pro se motion that I construe as a motion under Federal Rule of Criminal Procedure 36 to correct an error in the Judgment entered in her case on August 22, 2012, in which she was sentenced to a term of imprisonment. I will deny the motion for the reasons that follow.

The Judgment provided that her federal sentence was to run concurrently with a prior sentence imposed July 10, 2012, in the Wise County, Virginia, Circuit Court, in case number CR10F00651-00. As evidenced by an exhibit introduced at the sentencing hearing, the defendant had been sentenced in two separate cases in that court at that time, including case number CR11F00351-00. The sentences in both cases were the same – five years imprisonment, with four years suspended, and were to run concurrently with each other. (Def.'s Ex. 1, Aug. 22, 2012.) The

sentence imposed in case number CR10F00651-00 was imposed following a guilty plea to illegal distribution of drugs, while the sentence in case number CR11F00351-00 was imposed for unauthorized use of a motor vehicle.

As shown by the record in this case, the court's decision to run concurrently only the sentence in case number CR10F00651-00 was intentional, since it involved conduct that was included within the drug conspiracy for which the federal sentence was imposed. The other sentence was for conduct that was unrelated to the federal offense. The court has the discretion to order a federal sentence to run concurrently or consecutively with respect to a prior undischarged sentence. 18 U.S.C.A. § 3584 (West 2000); *see Setser v. United States*, 132 S. Ct. 1463, 1467 (2012). Accordingly, the court's decision in this case was not a clerical error that can be now addressed.

In any event, while the state sentence was imposed before the federal sentence, the defendant was apparently in primary federal custody, since the state sentences have yet to be served. Thus it would appear it is up to the state court to decide whether its sentence, yet to be served, can be served concurrently with the present federal sentence.

Accordingly, it is **ORDERED** that the motion (ECF No. 179) is DENIED.

ENTER: November 6, 2012

/s/ James P. Jones
United States District Judge